UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COLLIN PETER FRANZKY,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA HUMAN SERVICES CENTER, JEREMY JOHNSON ADMINISTRATOR,<br><br>　　　　　　　Defendant. | 4:21-CV-04013-RAL<br><br><br>OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Plaintiff Collin Peter Franzky filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. The defendant South Dakota Human Services Center (SDHSC) moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6). Doc. 8. Franzky opposes the motion. Doc. 15.

I.  **Factual Allegations of Franzky's Complaint**

Franzky's allegations arise out of his stay at the SDHSC, the state hospital for individuals with mental illness, between January 24, 2019, and July 28, 2020. Doc. 1 at 8. Franzky claims that he was sent to SDHSC by court order. Doc. 1 at 7. When Franzky arrived at SDHSC, he was diagnosed by Dr. Francis Koss as having Schizoaffective Disorder. Doc. 1 at 8. He claims this diagnosis was impossible due to the inadequate knowledge of his medical history and lack of evaluation process. Doc. 1 at 8. This was one of the five diagnoses given to Franzky. Doc. 1 at 8.

During his time at the SDHSC, Franzky claims that the doctors should have considered his interactions with law enforcement and that he was denied "access to [his] physician that could have enlightened the situation." Doc. 1 at 10. The treatment team allegedly forced Franzky to take medication "to the point of incontinence during drug-induced prescribed sleep time." Doc. 1 at 8. Franzky was allegedly denied access to his medical records, psychological evaluations, and complaints filed by law enforcement. Doc. 1 at 8. He asserts that SDHSC's attorney received a court order, without his consultation or involvement, to force Franzky to comply with the prescribed treatment. Doc. 1 at 9. Franzky never agreed to taking the medication, and restraints had to be used to force him to comply. Doc. 1 at 9. He filed numerous grievances about the issues and claims they were not acknowledged. Doc. 1 at 9. Dr. Ramesh Somepalli, the doctor who ordered restraints, recommended forced medication allegedly without consulting Franzky. Doc. 1 at 10. Franzky claims that multiple staff members disagreed with the forced medication and diagnoses. Doc. 1 at 11. After Franzky was discharged from the SDHSC, his medical records were disclosed to the Codington County Detention Center without his consent. Doc. 1 at 10.

Franzky asserts that he was denied access to the courts while he was involuntarily held at SDHSC. Doc. 1 at 11–12. He seeks around $450,000 in monetary damages, "an opportunity to consult [with] SDHSC about their services," and to hold SDHSC[1] accountable for the alleged violations. Doc. 1 at 13, 15. He asserts that his "privilege of habeas corpus" and due process rights have been violated. Doc. 1 at 14. He also raises violations of the South Dakota Constitution and multiple state statutes. Doc. 1 at 14.

---

[1] Although Franzky listed numerous individuals in his alleged facts, he only named and served the SDHSC. Even liberally construing Franzky's allegations, this Court cannot deem individuals merely mentioned in the alleged facts as named defendants.

## II. Discussion

### A. Screening and Dismissal Standards

The SDHSC moves for dismissal under Federal Rules of Civil Procedure 12(b)(1) and (6). Doc. 8. On a motion to dismiss under Rule 12(b)(6), courts must accept a plaintiff's factual allegations as true and construe all inferences in the plaintiff's favor, but need not accept a plaintiff's legal conclusions. Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012). To survive a motion to dismiss for failure to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are unnecessary, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678, "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely,'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Still, "conclusory statements" and "naked assertion[s] devoid of further factual enhancement" do not satisfy the plausibility standard. Iqbal, 556 U.S. at 678 (alteration in original) (citation and internal marks omitted).

The Eighth Circuit requires district courts to construe pro se complaints liberally. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Id. at 915. Importantly, however, this rule of liberal construction does not excuse a

pro se plaintiff from alleging enough facts to support his claims. Id. at 914. That is, even though a plaintiff is proceeding pro se, the district court will not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Id. at 915.

On a motion to dismiss under Rule 12(b)(1), the standard of review depends on whether the defendant is making a facial attack or factual attack on subject matter jurisdiction. Stalley v. Catholic Health Initiatives, 509 F.3d 517, 520–21 (8th Cir. 2007). Where the defendant makes a facial attack to challenge whether the facts alleged in the complaint establish subject matter jurisdiction under Rule 12(b)(1), as the SDHSC does here, the plaintiff is afforded similar safeguards as in a Rule 12(b)(6) motion. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990).

**B. Analysis**

Franzky asserts subject matter jurisdiction under 28 U.S.C. § 1331; 42 U.S.C. § 1983. Doc. 1 at 3. The defendant is the SDHSC, the state hospital for individuals with mental illnesses. Doc. 1 at 2. The SDHSC is under the direction and control of the State of South Dakota's Department of Social Services (DSS). SDCL § 27A-4-1. The Eleventh Amendment bars suit against a state and its agencies, as opposed to a state official, regardless of whether money damages or injunctive relief is sought. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc. (1993).

In determining whether an entity is entitled to Eleventh Amendment immunity, the court examines powers created by state law, the degree of autonomy and control, and whether it is funded by the state treasury. Greenwood v. Ross, 778 F.2d 448, 453 (8th Cir. 1985). The DSS was created by and exists under state statute. See SDCL § 1-36-1. The Supreme Court has explained that Congress, in passing 42 U.S.C. § 1983, did not abrogate states' Eleventh Amendment immunity from suit in federal court. Will v. Mich. Dept. of State Police, 491 U.S. 58, 65 (1989) (citations

4

omitted). "Eleventh Amendment immunity extends to states and arms of the state." Thomas v. St. Louis Bd. of Police Comm'rs, 447 F.3d 1082, 1084 (8th Cir. 2006) (cleaned up and citation omitted). The SDHSC is an agency of the DSS and considered an arm of the State of South Dakota. Because Franzky's claims against SDHSC are barred by the Eleventh Amendment, his claims fails to "state a claim upon which relief can be granted" under Federal Rules of Civil Procedure 12(b)(1) and (6). Thus, the SDHSC's motion to dismiss, Doc. 8, is granted.

Therefore, it is hereby

ORDERED that Defendant's motion to dismiss, Doc. 8, is granted.

DATED July 6th, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE